IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BENNY M. GOVER**                                                     **PLAINTIFF**

**V.**                            **CASE NO. 5:19-CV-5056**

**KYLE SYLVESTER, Washington County**
**Circuit Clerk**                                        **DEFENDANT**

**OPINION AND ORDER**

Before the Court is Plaintiff Benny M. Gover's Application for Leave to *Proceed In Forma Pauperis* ("IFP") (Doc. 2). The Application is blank: it has no information about Plaintiff's finances. Plaintiff filed his Complaint on March 25, 2019, without paying a filing fee. When the Clerk informed Plaintiff that he either had to pay the fee or submit an IFP request, Plaintiff submitted the blank IFP Application to the Clerk for filing. Before doing so, he wrote at the bottom of the first page, "Under Contract Decided By Arbitration Jury 26 Mar 2019," and signed it.

The Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**. Plaintiff made no attempt to fill out the IFP Application or pay the filing fee. Moreover, his demeanor in speaking and interacting with the Clerk over his refusal to pay the filing fee and fill out the IFP form demonstrate his profound disrespect for the Court's rules. Moreover, even if he had filled out the Application and qualified for IFP status, his Complaint still would have merited summary dismissal under 28 U.S.C. § 1915(e)(2). That statute permits a court to screen a complaint filed IFP if it is determined to be frivolous or malicious, or if it fails to state a claim on which relief can be granted.

In reviewing the Complaint, it is obvious that it fails to state any valid basis for the Court's subject matter jurisdiction. Plaintiff cites to 18 U.S.C. §§ 241 and 242 as providing

1

federal-question jurisdiction for his case; however, these are criminal statutes that do not provide any private right of action. Next, the Complaint itself is incomprehensible. It fails to state *any cause of action*. Some choice excerpts from the Complaint include:

- "Brief to be filed by jury under attack by mixed warlaw, protected by 1st, and by fully informed jury in a common-law court of record, after deliberation and arbitration of rights to secure protections in war";

- "UCC 1-308 Pre-judicial whole Immunities Presumptions/assumptions denied in full Nonnegotiable whole SWORD Imposed"; and

- "Sunk in Port, the Constitutional Vessel was <u>Shanghaied within 20 years</u> of Ratification, by *displacing the Established Doctrine* by the doctrine the Establishments denied: the Doctrine of Wealth 'substituted as the Rule of Law;' * 'Legal' not Lawful 'Tea Party,' and our <u>Rights</u> were the 'Tea'!"

(Doc. 1, pp. 1, 9). The Court has no idea what any of that means.

Most bizarrely, Plaintiff appears to demand later on in the Complaint that he be granted office space within the courthouse while his "ACTIVE COURT CASE" is pending. *Id.* at 11. He specifies that the office space "is not to be in the basement, the parking garage, the janitorial or engineering parts of the building, but must be healthy environment within the courts environment on the 5th floor." *Id.* He also demands "protected parking from WITHINemies," presumably in the gated lot adjacent to the courthouse. *Id.*

Finally, the only Defendant that Plaintiff lists in the style of the Complaint, Mr. Kyle Sylvester, is not named again in the body of the Complaint. No allegations are stated against him. Moreover, the style identifies Mr. Sylvester as the Clerk of Court for Washington County, Arkansas. Ordinarily, "clerks of court are entitled to immunity the same as judges." *Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970).

In light of the foregoing, **IT IS ORDERED** that this case is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction, frivolousness, failure to state any claims, and for suing an individual who is immune from suit.

**IT IS FURTHER ORDERED that the Clerk of Court NOT FILE any complaint that Plaintiff submits for filing, *pro se*, unless and until Chambers has screened the complaint first**. The instant case is the third that the Plaintiff has filed, *pro se*, over which the undersigned has presided. In the first case, *Gover v. Melancon*, 5:15-CV-5086, Plaintiff filed so many frivolous, improper documents on the record that the Court entered an Order restricting him from filing any further documents in that case other than motions, responses to motions, or documents requested by the Court. *See id.* at Doc. 57. In the second case, *Gover v. U.S. Government*, 5:17-CV-5051, Plaintiff's complaint was incomprehensible and stated no causes of action. It was ultimately dismissed for failure of service, *see id.* at Docs. 1, 24, but even after it was dismissed, Plaintiff inundated the Court with various letters and notices best characterized as "incomprehensible sovereign-citizen gobbledygook." *See id.* at Doc. 30. The Court then directed the Clerk not to file any other documents in that case or in any closed case previously filed by the Plaintiff. *Id.*

The Court observes that the filing restriction that has now been imposed is intended to curtail Plaintiff's unfortunate practice of filing frivolous, meritless pleadings, *pro se*, and to avoid a further waste of the Court's valuable resources. Nothing in this Order shall preclude a licensed attorney from filing actions on Plaintiff's behalf or restrict Plaintiff from representing himself as a defendant in any matter.

**IT IS SO ORDERED** on this 3rd day of April, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE